**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
**------------------------------------------------------------------X**

**In re:**

**Econocrafts Plus, LLC,**

**Debtor.**
**------------------------------------------------------------------X**

**Chapter 11**
**Case No: 24-44842**

### DECLARATION OF JONATHAN CZEGLEDI PURSUANT TO LOCAL BANKRUPTCY RULE 1007-4 AND IN SUPPORT OF CHAPTER 11 PETITION

Jonathan Czegledi, under penalties of perjury, declares:

1.      I am the sole member of Econocrafts Plus, LLC, the Debtor herein, and as such I am familiar with the Debtor's finances, day-to-day operations, business affairs and books and records. I make this declaration to the best of my knowledge and belief based upon personal knowledge of the Debtor, as well as my review of certain of the Debtor's documents and records.

2.      I am over the age of 18, competent to testify, and authorized to submit this Declaration in support of the Debtor's Chapter 11 petition.

3.      On November 6, 2024, (the "Petition Date"), the Debtor commenced this Chapter 11 Case by filing a voluntary petition for relief under Chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York (the "Court").

4.      The Debtor continues to manage and operate as debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee, examiner or official committee of unsecured creditors has been appointed in this Chapter 11 Case. The Debtor is not a small business debtor within the meaning of Bankruptcy Code Section 101(51D).

1

5.      Additionally, the Debtor anticipates filing, among other things, applications seeking authorization for the Debtors to retain certain professionals in connection with this Chapter 11 Case and a motion to establish interim compensation procedures for such professionals.

6.      I submit this declaration pursuant to Rule 1007-4 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of New York (the "Local Rules"). Except as otherwise indicated, all facts set forth in this Declaration are based upon personal knowledge or information obtained from my review of the relevant documents, or my experience with, and knowledge of, the Debtor's operations and financial condition. If called upon, I could and would testify to the facts set forth herein. I am authorized to submit this Declaration.

7.      This Declaration provides background information about the Debtor and the circumstances surrounding the commencement of this Chapter 11 case. Annexed to this Declaration are schedules providing additional information about the Debtor, as required by Local Rule 1007-4.

**PART I**
**BACKGROUND**

**THE DEBTOR'S OPERATIONS**

Econocrafts Plus, LLC

8.      Econocrafts Plus, LLC ("the Debtor"), was initially formed on or about January 15, 2020. The purpose of the Debtor was to acquire the assets of Econocrafts, LLC. Econocrafts, LLC, was owned by Jacob Friedman and was in the business of manufacturing, marketing, distributing and selling crafts, supplies, toys & games, furniture and related items directly and indirectly on a wholesale and retail basis through its website and various partners' websites and catalogs.

9.      On or about April 30, 2020, the Debtor and Econocrafts, LLC, entered into an asset purchase agreement ("APA"), effective as of February 24, 2020, whereby the Debtor purchased substantially all of the assets of Econocrafts, LLC (with certain exclusions as detailed in the APA). The purchase price was $350,000 and the Debtor received Seller financing. Since the purchase, the Debtor is now engaged in the same business activity as Econocrafts had been prior to the sale.

10.      The Debtor's financial difficulties began almost at the outset due to the global shutdowns brought on by the COVID19 Pandemic. Many large customers that had signed up with the Debtor, (including schools, after school programs, government programs, and other educational institutions) saw their own services shuttered by the Pandemic and consequently canceled all their orders. The Debtor had already purchased large amounts of inventory and had incurred substantial debt – both for the acquisitions of the Econocrafts assets and for purchase of new inventory, and now had no ability to unload the inventory or pay its debts. In short, from its very inception– due to no fault of its own – the Debtor was starting behind the proverbial eight ball.

11.      In addition to the purchase of inventory, the Debtor also does manufacturing. The Debtor has an agent in China with whom it collaborates on various projects. The agent assists with the design and then collaborates with the necessary parties in China on the assembly and/or manufacturing of the raw products. The agent places the orders directly, oversees the design, logistics, and shipping into the United States. The agent gets paid a 10% commission for each project. Payments are typically made via wire or bank transfer.

12.      There are also several products and other materials also bought locally which the Debtor assembles in its warehouse to create new products.

**PART II**
**EXIT STRATEGY**

13.     The Debtor believes it has a profitable business model. This is borne out by the projections attached hereto showing positive net income for the month of October 2024, and onwards.  See Exhibit A. The Debtor intends to confirm a plan paying unsecured creditors pro-rata based on its disposable monthly income. At this time, the Debtor does not anticipate it will be seeking financing. The Debtor believes with a reduced debt load it will be able to get back on track and become more profitable.

14.     The Debtor has several new programs in development which will also help increase profitability:

- The Debtor recently started working with a photographer to photograph a line of new products to update on its website. In addition, there are several old products that have been redesigned and require new photos to be taken.
- A designer was hired to design new products;
- A new marketing campaign is being developed through the hiring of an in house marketer focusing heavily on social media.

15.     The Debtor also has a completely redesigned state of the art website which was built based on extensive market research and user experience. The website offers users a new clean and crisp look. Launched in May, the website has already given the Debtor's online presence a significant boost due to its use of Shopify which naturally has SEO and marketing built in.

16.     The Debtor likewise has engaged in an SEO campaign for the website and is in the process of setting up marketing emails and developing a blog.

17.    The Debtor's current marketing focus is on free to low cost campaigns with an eventual eye towards paid campaigns such as google ads. The Debtor is also building out a new strategy where it will collaborate with other online social media personalities/content creators to have its products promoted on those channels and the collaborators in turn will receive the Debtor's products at a discount. Finally, there is another program in the works to launch a program for college students to perform certain services (e.g. video creation, etc..) for the Debtor and in exchange the students will get college credits. This will save the Debtor on the costs associated with hiring experienced professionals.

18.    The Debtor is also looking into hiring recent college graduates for similar services who will work on commission. Both of these will yield substantial savings for the Debtor.

19.    With all of the above as well as a reduced debt load, the Debtor anticipates a smooth and successful reorganization.

## PART III

### ANTICIPATED MOTIONS

20.    The Debtor will be filing applications seeking retention of professionals to assist with the successful administration of these Chapter 11 Cases. The Debtor is investigating whether or not there were any pre-petition avoidable transfers. To the extent the Debtor commences and settles any adversary proceeding or other contested matter the Debtor will bring a motion pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure seeking court approval of such settlements. At this time, the only actions the Debtor anticipates may be necessary will be to assert claims under 11 U.S.C. §547 for the avoidance and recovery of payments made during the 90-day preference period prior to the Petition Date. The Debtor also

anticipates motions will be filed to value secured claims pursuant to 11 U.S.C. §506, and

pursuant to 11 U.S.C. §363 for use of cash collateral.

**PART IV**
**SCHEDULES PURSUANT TO LOCAL RULE 1007-4**

21.    Attached hereto and incorporated herein by reference are various schedules

setting forth information required pursuant to Local Bankruptcy Rule 1007-4 and the Court's

Guidelines for First Day Motions (the "Guidelines"). Capitalized terms used in the attached

schedules that are not otherwise defined therein shall have the meanings ascribed to them in this

Declaration. I declare under penalty of perjury that the foregoing is true and correct to the best of

my knowledge.

Dated:  November 19, 2024
        Brooklyn, New York

                                        **/s/ Jonathan Czgledi**
                                        Econocrafts Plus, LLC
                                        By: Jonathan Czgledi, Sole Member