UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re

Econocrafts Plus, LLC,

Case No. 24-44842-ess
Chapter 11

Debtor
---------------------------------------------------------------x

## NOTICE OF MOTION FOR AN ORDER SHORTENING NOTICE PERIOD PURSUANT TO RULE 9006 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL RULE 9077-1 OF THE LOCAL RULES FOR THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF NEW YORK, FOR A HEARING ON DEBTOR'S MOTION FOR AN ORDER AUTHORIZING THE DEBTOR'S USE OF CASH COLLATERAL

**PLEASE TAKE NOTICE** that that Debtor, by its attorneys, Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP, respectfully submits this motion ("Motion") pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9077-1 of the Local Bankruptcy Rules for the Eastern District of New York ("Local Rules"), seeking an order, substantially in the form annexed hereto as Exhibit A, scheduling on shortened notice a hearing pursuant to 11 U.S.C. §363 to authorize the Debtor's use of cash collateral.

Dated: November 19, 2024
       Kew Gardens, New York

**SHIRYAK, BOWMAN, ANDERSON,
GILL & KADOCHNIKOV LLP**

_/s/ Btzalel Hirschhorn_
By: Btzalel Hirschhorn, Esq.
Attorney for Debtor
80-02 Kew Gardens Road, Suite 600
Kew Gardens, New York 11415
Bhirschhorn@sbagk.com

Notice to:

Office of the United States Trustee
Alexander Hamilton Custom House
One Bowling Green, Room 510
New York, NY 10004
Telephone: (212)-206-2580

All Parties listed in affidavit of service

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re

Econocrafts Plus, LLC,

Case No. 24-44842-ess
Chapter 11

Debtor
----------------------------------------------------------------x

## Jurisdiction and Venue

1.      The Court has jurisdiction over this matter under 28 U.S.C.§1334. This is a core proceeding under 28 U.S.C §157(b) in which the Court may constitutionally enter a final Order. Venue is proper under 28 U.S.C. §§1408 and 1409.

2.      The debtor through Counsel makes this motion under Bankruptcy Rule 9006 and Local Rule 9077-1.

## Background

3.      On or about November 18, 2024, (the "Petition Date"), Econocrafts, Plus LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court").

4.      As detailed more fully in the Declaration of Jonathan Czegledi filed on November 18, 2024, [Doc. No. __], the Debtor operates a business marketing, distributing and selling crafts, supplies, toys & games, furniture and related items directly and indirectly on a wholesale and retail basis through its website and various partners' websites and catalogs.

5.       Debtor cannot meet its ordinary operating expenses or maintain and preserve its

property as a going business without the use of the Cash Collateral.

**A. Parties with Interests in Accounts and Accounts Receivables**

6.       On or about April 30, 2020, the Debtor, for good and valuable consideration, duly executed and delivered to Econocrafts, LLC a Note ("Note") also dated April 30, 2020, under which the Debtor promised to pay to the order of Econocrafts, the principal sum of Two Hundred Ten Thousand Dollars $210,000, together with interest per anum at the rate of seven percent (7%).

7.       As security for payment of the Note, the Debtor executed and delivered to Econocrafts a certain Security Agreement dated April 30, 2020, granting Econocrafts a security interest in and lien on all of the Debtor's rights, title and interests in any and all inventory and equipment, together with the proceeds of the foregoing, whether then owned or thereafter acquired (collectively, the "Collateral").

8.       On or about May 4, 2020, Econocrafts perfected its security interest with the filing and recording of a UCC with the State of New Jersey.

9.       Multiple other creditors also perfected junior security interests against the Debtor's assets as follows:

    i.   Transportation Alliance Bank, August 18, 2022.

    ii.   CT Corporation System, November 11, 2022 (upon information and belief the actual creditor on this is Kapitus, LCC

    iii.   JPMorgan Chase Bank, N.A., filed multiple UCC's on the following dates: April 25, 2023, April 27, 2024, September 5, 2023, and September 11, 2023.

**B. Assets on the Date of Filing**

10.     The Debtor's primary assets are the inventory it purchases and the revenue generated from the sale of such inventory. As of the Petition Date the Debtor had accounts receivables of approximately $66,333, cash in its bank account of approximately $47,000, and inventory on hand of approximately $133,940. The Debtor must use cash collateral to continue its business operations post-petition. If the Debtor is not able to use cash collateral to continue to operate in the ordinary course of business, the Debtor will be forced to cease operations and will not be able to reorganize. If the Debtor is not able to pay its worker and purchase new inventory to fulfill customer orders, this will lead to a complete closure of the business.

11.     The Debtor must also use cash collateral for other expenses, including payments for rent for its office space, utilities, insurance, and professional fees.

12.     Total monthly case needs and expenses are itemized on the budget attached at Exhibit "1." Unless the Debtor is authorized to use cash collateral, the Debtor will suffer irreparable harm and injury from the inability to maintain operations. To preserve the going concern value of Debtor's business, it is imperative that Debtor's business be operated, and to operate, Debtor requires the use of cash collateral.

**Relief Requested**

13.     By this motion, the Debtor requests an Order under Bankruptcy Rule 9006(c)(1) shortening the twenty-one day notice period required under Bankruptcy Rule 2002(a)&(c)(1). The Debtor plans to continue operation of its business throughout the Chapter 11 case and propose a Plan of Reorganization which provides for the continuation of the Debtor's business. It is only through a Plan that unsecured creditors will see a recovery on account of their claims,

because through a Plan, and as a going concern, Debtor's business will maintain its top and highest value.

14.      In order to pay necessary operating expenses, the Debtor must immediately use cash collateral in which Econocrafts and certain junior lienholders may have an interest. The Debtor proposes to use cash collateral on an interim basis until such time as the Court schedules a final hearing on the use of cash collateral. At the final hearing, the Debtor will seek relief to use cash collateral during the term of this Chapter 11 proceeding.

15.      The Debtor's revenues and available cash are derived from its operations as detailed above.  Without the use of cash collateral, the Debtor will have insufficient funding for business operations. Therefore, the Debtor's use of cash collateral during the interim period is necessary to avoid immediate and irreparable harm to the Estate. Without the use of cash collateral, the Debtor will not be able to pay operating expenses, utilities, and other costs associated with the operation of its business. This would ultimately result in harm to the Secured Creditors.

16.      The Debtor will be replacing its accounts, cash, and cash equivalents in the course of its daily operations and therefore the collateral base will remain stable and will improve over time. The Debtor's cash position is projected to be positive after meeting expenses during the term of the Chapter 11 case.

17.      In order to provide adequate protection for the Debtor's use of cash collateral to Econocrafts, the Debtor has proposed adequate protection with a replacement lien on cash collateral as set forth below. The proposal provides the following treatment on account of cash collateral:

18.      The Debtor will provide the Secured Creditors with a post-petition lien on all

post-petition accounts receivable and income derived from the operation of the business and assets, to the extent that the use of the cash results in a decrease in the value of the Secured Creditors' interest in the collateral pursuant to 11 U.S.C. § 361(2). All replacement liens will hold the same relative priority to assets as did the pre-petition liens without prejudice to the Debtor's rights to seek valuation of the junior secured claims as reclassify them as unsecured.

19.    The Debtor will only use cash collateral in accordance with the Budget attached to this Motion as Exhibit "1" subject to a deviation on line item expenses not to exceed 10% without the prior agreement of the Secured Creditor or an order of the Court;

20.    The Debtor will keep all of the Secured Creditors' collateral fully insured. Specifically, property and casualty insurance are current and in place to protect all collateral and potential liability.

21.    The Debtor will provide the Secured Creditors with a complete accounting, on a monthly basis, of all revenue, expenditures, and collections through the filing of the Debtor's Monthly Operating Reports.

22.    The Debtor will pay all its post-petition taxes; and The Debtor will maintain in good repair and health all of the Secured Creditor's Collateral.

23.    The Debtor's request to use cash collateral is made with a complete reservation of rights of Secured Creditors to their various claims and lien positions in and to the Debtor's assets.

24.    Approval of the Debtor's use of cash collateral in accordance with this Motion is, on an interim basis and a final basis, in the best interest of the Debtor, its creditors and the estate as it will allow the Debtor to maintain its ongoing business operations, allow the Debtor to generate revenue, and provide the Debtor with an opportunity to propose a meaningful Plan.

*RELIEF REQUESTED ON AN INTERIM EMERGENCY BASIS*

25.    Without the immediate use of cash collateral, the Debtor will not be able to fund ongoing business operations.

26.    Bankruptcy Rule 9006(c)(1) provides that "when an act is required or allowed to be done at or within a specified time..., the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed.R.Bankr.P 9006(c)(1).

27.    Cause exists to reduce the normal notice period here. As set forth in the affidavit of the debtor's principal, Jonathan Czegledi, the Debtor requires use of cash collateral to continue to maintain its business operations.

## Notice

28.    Notice of this Motion has been provided to (a) Econocfrats; and (b) all creditors; and (c) Office of the U.S. Trustee. This Counsel submits that, in light of the nature of the relief requested, no other or further notice need be provided.

**WHEREFORE,** the debtor through Counsel respectfully requests that the Court enter an Order substantially in the form of the attached proposed order setting a final hearing on the motion at a date and time to be determined by the Court, requiring any objections and other responses to the debtor's Motion to be filed no later than three calendar days before the hearing date, requiring any replies to be filed no later than one calendar day before the hearing date, and granting such other or further relief as the Court may deem just.

Dated: November 19, 2024
       Kew Gardens, New York

**SHIRYAK, BOWMAN, ANDERSON,**
**GILL & KADOCHNIKOV LLP**


_/s/ Btzalel Hirschhorn_
By: Btzalel Hirschhorn, Esq.
Attorney for Debtor
80-02 Kew Gardens Road, Suite 600
Kew Gardens, New York 11415
Bhirschhorn@sbagk.com

Notice to:

Office of the United States Trustee
Alexander Hamilton Custom House
One Bowling Green, Room 510
New York, NY 10004
Telephone: (212)-206-2580

All Parties listed in affidavit of service