UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK (BROOKLYN)
------------------------------------------------------------------------X
In Re:

Econocrafts Plus LLC

                                          Debtor.

------------------------------------------------------------------------X

Chapter 11
Subchapter V

Case No. 24-44842

## AFFIDAVIT OF DISINTERESTDENSS OF IRV SCHWARZBAUM

Irv Schwarzbaum, CPA, being duly sworn, hereby deposes and says as follows:

1. I am the managing director at Vestcorp LLC ("Vestcorp"). Vestcorp is an accounting firm. I submit this affidavit in support of the application of Econocrafts Plus LLC as the Debtor and Debtor-in-possession (hereinafter, "Debtor") in the above-captioned Chapter 11, Subchapter V case for an order authorizing the employment of Vestcorp as accountant to the Debtor under the terms set forth in the Application. Except as otherwise noted, I have personal knowledge of the matters set forth herein.

2. I am a Certified Public Accountant. Vestcorp has the appropriate accounting skills and personnel needed to perform the accounting services required by the Debtor.

3. In connection with the preparation of this Affidavit, I conducted a review of Vestcorp's contacts with the Debtor, its non-debtor affiliates, and certain entities holding claims against interests in the DIP that were made reasonably known to Vestcorp.

4. My review consisted of a query of creditors of the Debtor against a database containing the names of individuals and entities represented by Vestcorp.

5. Based on the results of its review, Vestcorp does not have an active relationship with any of the parties holding claims against the interests of the Debtor.

6. Vestcorp does not believe it is a creditor of Debtor within the meaning of section 101 (10) of the Bankruptcy Code. Further, neither I nor any member of Vestcorp, to the best of my knowledge, is a holder of any of the Debtor's debt or equity.

7. To the best of my knowledge, no employee of Vestcorp is a relative of, or has been connected with, any judge of the bankruptcy court for this district, the United States Trustee in this district or any employee of the office of the United States Trustee in this district.

8. To the best of my knowledge, Vestcorp is a disinterested entity as that term is defined in section 101(14) of the Bankruptcy Code in that Vestcorp:

a. Is not a creditor, equity security holder, or insider of the Debtor;

b. Was not, within two years before the date of the filing of the Debtor's Chapter 11 petition, a director, officer, or employee of the Debtor; and

c. Does not have an interest materially adverse to the interest of the Debtor estate or of any class of creditors or equity security holders.

9. In addition, to the best of my knowledge and based upon the results of the search described above and disclosed herein, Vestfcorp neither holds nor represents an interest adverse to the DIP.

10. It is Vestcorp's policy and intent to update and expand its ongoing relationship search for additional parties in interest in an expedient manner. If any new material relevant facts or relationships are discovered or arise, Vestcorp will promptly file a supplemental affidavit pursuant to Fed. R. Bankr. P. 2014.

11. Vestcorp does not have any agreements with any other parties to share fees earned as a result of services rendered in this matter.

12. Vestcorp is not seeking a retainer fee and will bill the Debtor on an hourly basis as follows:

    a. Managing Director - $400.00 per hour
    b. Principal - $350.00 per hour
    c. Tax Accountant - $250.00 per hour
    d. Associate - $195.00 per hour

13. The fees will be paid by Johnathan Czegledi, the managing member of the Debtor, and Vestcorp will seek compensation via interim and final fee applications to this Court. Vestcorp is seeking its retention to take effect as of the Petition Date.

14. Prior to any increase in hourly rates, Vestcorp shall file a supplemental affidavit with the Court and give ten business days' notice to the Debtor, the United States Trustee, and any official creditors' committee, if applicable, which supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and indicate whether the client has received notice of and approved the proposed rate increase.

15. Vestcorp disclosed that they reviewed the Debtor's books and records as part of their initial review of the case and for the purpose of a conflict check.

Dated: West Orange, New Jersey
December 2, 2024

Irv Schwarzbaum
Managing Director of Vestcorp LLC
623 Eagle Rock Avenue, Suite 364
West Orange, NJ 07052
ischwarzbaum@vestcorp.net
(973) 787-0123