UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re

    Econocrafts Plus LLC,

                                                 Case No. 24-44842-ess
                                                 Chapter 11 (Subchapter V)

                           Debtor
----------------------------------------------------------------x

## AGREED ORDER AUTHORIZING DEBTOR'S INTERIM USE OF CASH COLLATERAL AND AUTHORIZING ADEQUATE PROTECTION FOR <u>ECONOCRAFTS, LLC</u>

### <u>RECITALS:</u>

**WHEREAS,** on or about April 30, 2020, Econocrafts Plus LLC (the "Debtor"), for good and valuable consideration, duly executed a Note ("Note") in the original principal amount of $210,000 in favor of Econocrafts, LLC ("Econocrafts" or the "Lender"); and

**WHEREAS,** the indebtedness owed under the Note is secured by a lien on all of the Debtor's rights, title and interests in any and all inventory, equipment, and accounts receivable together with the proceeds of the foregoing; and

**WHEREAS,** on or about April 30, 2020, the Debtor executed a Security Agreement in favor of the Lender; and

**WHEREAS,** Lender perfected its first priority security interest in and to the Collateral by filing UCC-1 Financing Statements (each, a "UCC-1" and together, the "UCC 1s") in the Office of the New Jersey Department of the Treasury Division of Revenue & Enterprise Services on May 4, 2020, as Filing No. 53981556; and

**WHEREAS,** the Note, and all other documents further evidencing, securing or executed in connection with the Loan are referred to herein collectively as the Loan Documents; and

1

**WHEREAS,** the Loan Documents provided, among other things, that in the event of a default by the Debtor, the Lender may elect to accelerate the Note; and

**WHEREAS,** on November 19, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11, Subchapter V of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"). The Debtor has continued in possession of its property and the management of its business affairs as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code; and

**WHEREAS,** on the Petition Date the Debtor also filed a motion requesting authorization for use of cash collateral ("Cash Collateral Motion"); and

**WHEREAS,** on November 26, 2024, this Court held a hearing on the Cash Collateral Motion at which ~~appeared~~ Debtor's counsel, Jonathan Czegledi (the Debtor's principal), counsel for the United States Trustee, and counsel for the Lender **_appeared and were heard_**; and

**WHEREAS,** ~~there was,~~ as of the Petition Date, the Debtor scheduled a disputed balance remaining on the Note of $135,000 in unpaid principal and interest combined; and

**WHEREAS,** the terms of the Note provide for a default interest rate at the amount of 24% per annum; and

**WHEREAS,** the Lender asserts an unpaid balance of approximately $155,000 plus various default interest and attorneys' fees; and

**WHEREAS**, the Debtor disputes this amount; and

**WHEREAS**, the Debtor and Lender agree that for purposes of determining adequate protection and use of Cash Collateral on an interim basis, the exact amount of Lender's claim does not need to be calculated at this time; and

**WHEREAS,** the Debtor agrees and acknowledges that Econocrafts currently holds a

perfected and first priority lien on all rights, title and interest of the Debtor in any and all inventory, equipment, accounts receivable, together with the proceeds of the foregoing which includes any cash derived from the foregoing; and

**WHEREAS,** the Debtor acknowledges and agrees that all revenues derived from any and all inventory, equipment or accounts receivable, are and shall be treated as the cash collateral in which Econocrafts has a security interest for the purposes, and within the meaning, of Bankruptcy Code § 363(a) (collectively, the "Cash Collateral"); and

**WHEREAS,** pursuant to § 363(c)(3) of the Bankruptcy Code, the Debtor cannot use the Cash Collateral without the consent of Econocrafts or without ***an*** order of the Bankruptcy Court; and

**WHEREAS,** the Debtor cannot meet its ordinary operating expenses or maintain and preserve its business operations without the use of the Cash Collateral; and

**WHEREAS,** the Debtor and Econocrafts now wish to enter into a stipulation authorizing the use of cash collateral running from the period of November 26, 2024, through and including December 12, 2024 (the "Cash Collateral Period"); and

Now, **THEREFORE**, in consideration of the above stated premises:

**IT HEREBY IS STIPULATED, CONSENTED TO AND AGREED BY THE UNDERSIGNED PARTIES, AND SO ORDERED BY THE COURT**:

**1.** **Use of Cash Collateral.** The Debtor is authorized, pursuant to section 363(c)(2)(B) of the Bankruptcy Code, to use Cash Collateral through and including December 12, 2024, and in accordance with the Debtor's Budget as set forth in Exhibit "A" for the Cash Collateral Period. The Debtor shall not, without the prior written consent of Econocrafts, use Cash Collateral in an amount that exceeds 10% of the total Budget for the Cash Collateral Period.

2. **Adequate Protection.** As adequate protection for the Debtor's use of the Cash Collateral, pursuant to sections 361, 363(c)(2), and 363(e) of the Bankruptcy Code, to adequately protect its interests in the Cash CCollateral in an amount equal to the aggregate diminution in the value of its interests in the Cash Collateral, including, without limitation, any such diminution resulting from the Debtor's use of the Cash Collateral, the imposition of the automatic stay pursuant to section 362 of the Bankruptcy Code or otherwise, Econocrafts is granted the following forms of adequate protection:

3. **Replacement Liens.** Econocrafts shall receive a replacement security interest in and valid, binding, enforceable and perfected liens on all of the Debtor's Post-petition Collateral in an amount equal to the aggregate diminution in the value of its interests in the Cash Collateral (the "Replacement Liens"). The term "Post-petition Collateral" means all of the rights, title, and interest of the Debtor, now or hereafter existing or acquired, in any and all inventory and equipment, together with the proceeds of the foregoing. rents, inventory, cash and other revenues, and books and records relating to any assets of the Debtor and all proceeds and products of the foregoing, whether in existence on the Petition Date or thereafter created, acquired or arising and wherever located, but specifically excludes any cause of action under Chapter 5 of Title 11 of the United States Code or proceeds thereof ("Chapter 5 Actions,") which is explicitly excluded from Post-petition Collateral.

4. **Additional Adequate Protection.** To the extent that the pledges, liens, and security interests granted to Econocrafts herein are inadequate, Econocrafts reserves the right to request administrative priority with respect to any shortfall in the Cash Collateral and Post-petition Collateral pursuant to Sections 503(b) and 507(b) of the Bankruptcy Code, with priority over any and all claims against the Debtor of any kind whatsoever, and shall continue

notwithstanding the appointment of a Chapter 11 trustee or, to the extent provided by the Bankruptcy Code, the conversion of this case to a case under Chapter 7 of the Bankruptcy Code, provided however, that Econocrafts shall not be entitled to any priority over Chapter 5 Actions or proceeds thereof. The rights of the Debtor and all other parties to object to any such request are hereby fully preserved.

5. **Reporting.** On or before the twentieth (20th) day of each and every month, the Debtor shall deliver to Econocrafts a monthly income statement covering the previous month; and, beginning on the date the within Stipulation is entered by the Court, a monthly cash Budget analysis, delivered on or before the **twentieth (20th)** day of the immediately following month for each month during the Cash Collateral period together with a report of the initial and ending cash position of the Debtor for such month, the collections during such month, the amounts and aging of accounts receivable, and accounts payable. The Parties agree that the Debtor's monthly operating reports filed with this Court during the pendency of this proceeding shall constitute as sufficient to meet this reporting requirement, however, with respect to any subsequent order, Econocrafts reserves the rights to seek the right to seek to inspect, audit, examine, check, make copies of or extract from the books and records of the Debtor and monitor the Cash Collateral and Post-petition Collateral. Notwithstanding the above, to the extent the Lender requests any confidential non-public material, the Parties will enter into a separate protective order governing the dissemination and disclosure of such confidential and non-public material.

6. **No Surcharge.** Econocrafts reserves the right to request as part of any subsequent order that there not be any surcharge to the Collateral pursuant to section 506(c) of the Bankruptcy Code.

7. **Post-petition Lien Perfection.** This Stipulation and Order shall be sufficient and

conclusive evidence of the validity, perfection, and priority of the Replacement Liens without the necessity of filing or recording any financing statement or other instrument or document, or the taking of any other action whatsoever which may otherwise be required under the law of any jurisdiction to validate or perfect the Replacement Liens or to entitle Econocrafts to the protections and priorities granted herein.

8.      **Automatic Stay.**  This Stipulation and Order shall be without prejudice to Econocrafts's right to seek relief from the automatic stay under Section 362 of the Bankruptcy Code on any basis at any time upon notice to Debtor and this Court.  Subject to Section 362 of the Bankruptcy Code, this Stipulation does not and shall not constitute a waiver by Econocrafts of any right which it may have with respect to the Cash Collateral or Post-petition Collateral or other property of the Debtor or its estate, including, without limitation, its rights as a secured party under the Loan Documents and other applicable law.  The automatic stay imposed by section 362(a) of the Bankruptcy Code shall be, and ~~it~~ hereby is, modified to the extent necessary to effectuate the requirements of this Stipulation and Order.

9.      **Carve-Out.**  For the purposes of this Stipulation and Order, the Replacement Liens will have a carve-out to pay any administrative or 'burial' fees in the amount of $10,000 in the event of conversion to a Chapter 7.  Nothing herein shall preclude the parties from requesting additional carve-outs subsequent to this Stipulation and Order, including for fees for any Chapter 7 trustee, Chapter 11 trustee or examiner, should one be appointed, or any professionals retained by any trustee, examiner, the Debtor or creditor's committee.

10.     **Termination.**  In the absence of a further order of the Court, the Debtor's authorization to use the Cash Collateral under this interim Stipulation and Order shall terminate (such date being the "Termination Date") upon seven days' prior written notice by Econocrafts

to the Debtor, to Gerard R. Luckman, Esq., the subchapter V trustee, and to the United States Trustee's Office, of the occurrence of any of the following (unless extended in writing by a stipulation between the Debtor and Econocrafts, which extension shall be subject to further order of the Court):

    a. December 13, 2024;

    b. This Court enters an order dismissing this Chapter 11 Case or converting this Chapter 11 Case to a Chapter 7 Case;

    c. This Court enters an order appointing a Chapter 11 trustee;

    d. A chapter 11 plan is confirmed;

    e. The Debtor shall fail to comply with the terms of this Stipulation and Order; or

    f. This Court enters an order reversing, vacating or rescinding the terms of this Order.

After the Termination Date, if not already granted the Debtor shall be permitted to seek Court authority, after notice and a hearing, to use the Cash Collateral, Post-petition Collateral or other property of the Debtor; provided, however, that Econocrafts shall have the right to object to such use.

    11.    **Other Liens.**  Nothing herein shall preclude the Debtor from requesting post-petition financing, including a request in connection thereof for granting liens in Post-petition Collateral, nor Econocrafts right to object to any such request.

    12.    **Survival: Successors and Assigns**.  The provisions of this Stipulation and Order shall be binding upon and inure to the benefit of Econocrafts and the Debtor and its respective successors and/or assigns (including, to the extent permitted by applicable law, any Chapter 7 or

Chapter 11 trustee or other fiduciary hereafter appointed or elected for the estate or as a legal representative of the Debtor or with respect to the property of the estates of the Debtor).

13. **Reservation of Rights.** All Parties expressly retain all rights and remedies under the Bankruptcy Code or other applicable law, except as explicitly provided for in this Agreement.

14. **Conflicts.** In the event of any conflict between the Loan Documents and this Cash Collateral Order, this Cash Collateral order shall govern.

15. **Retention of Jurisdiction.** The Court *may* ~~shall~~ retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

16. **Hearing.** A*n in person* continued hearing on the Debtor's cash collateral motion and the within stipulation shall be held on **December 12, 2024, at 12:00 p.m.** at the United States Bankruptcy Court, Eastern District of New York, 271C Cadman Plaza East, Brooklyn, NY 11202, Courtroom 3585.

> *That this hearing will be conducted in person. All participants, including attorneys, clients, and pro se parties, must register as follows:*
>
> *Please register with eCourt Appearances at https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances.pl at least one business day before the scheduled hearing. To register, please provide your name, address, e-mail address, telephone number to be used on the hearing date, and if appropriate, the party that you represent.*
>
> *Additional information about eCourt Appearances, including a tutorial on how to use the program, is available at https://www.nyeb.uscourts.gov/registering-remote-hearing-appearance-using-ecourt-appearances. In the event that you are not able to register online, you may call or email Judge Stong's courtroom deputy for instructions at (347) 394-1864, ess_hearings@nyeb.uscourts.gov, at least two (2) business days*

*prior to the hearing date.*

|  |  |
|---|---|
| Dated: December 2, 2024<br>Kew Gardens, New York | **SHIRYAK, BOWMAN, ANDERSON,<br>GILL & KADOCHNIKOV LLP**<br><br>/s/ Btzalel Hirschhorn<br>By: Btzalel Hirschhorn, Esq.<br>Proposed Counsel for Debtor<br>80-02 Kew Gardens Road, Suite 600<br>Kew Gardens, New York 11415<br>Bhirschhorn@sbagk.com |
| Dated: December 2, 2024<br>Hackensack, New Jersey | /s/ Jeffrey Traurig<br>By: Jeffrey Traurig<br>Counsel for Creditor<br>Econocrafts, LLC<br>TRAURIG LAW LLC<br>One University Plaza Suite 124<br>Hackensack, NJ 07601<br>Jtraurig@trauriglaw.com<br>646.974.8650 – ext. 1 |

***IT IS* SO ORDERED:**



Dated: Brooklyn, New York
December 3, 2024

_____
Elizabeth S. Stong
United States Bankruptcy Judge